IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHEVRON PIPE LINE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POINTE PERRY, LC et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-981 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Defendant McNeil Development, LLC ("McNeil") moves to set aside entry of default that was entered on November 13, 2009. The registered agent of McNeil was served on January 5, 2009. McNeil does not dispute this fact. Rather, McNeil contends it misunderstood the action and did not believe it was a defendant in this case. For the reasons discussed below, the court sets aside entry of default against McNeil.

## FACTUAL BACKGROUND

The following factual background is based on the allegations in the Complaint and some of the documents on file, which the court accepts as true for purposes of this motion. Plaintiff Chevron Pipe Line Company ("Chevron") alleges that Defendant Pointe Perry, LC ("Pointe Perry") owns property in Box Elder County, Utah (the "Property"), which it is developing as a commercial resort project. Chevron further alleges, upon information and belief, that McNeil holds an interest in the Property, but it did not specify what the interest was.

Chevron has an easement that contains two pipelines and related facilities that cross part of the Property. As part of the project development, defendants had to install three concrete culverts across the existing pipeline facilities. To accommodate the culverts, Chevron lowered its pipeline facilities. Before doing so, Chevron entered into a contract with Pointe Perry, wherein Pointe Perry agreed to reimburse Chevron for the cost of lowering the pipeline facilities. Roland N. Walker ("Walker") signed the contract as Manager of Pointe Perry. Walker is also the managing member of McNeil.

According to the Complaint, the contract sets forth estimated costs for the work and the maximum amount that would be charged by Chevron. After Chevron completed the work, Pointe Perry made a partial payment of $127,000, which left a remaining balance of $140,349. Chevron sued Pointe Perry for breach of contract and breach of covenant of good faith and fair dealing. It also asserted claims against Pointe Perry and McNeil for unjust enrichment and "detrimental reliance/promissory estoppel." Although Chevron asserts McNeil made assurances, promises, and representations to Chevron relating to compensation, no facts are alleged to support Chevron's conclusory allegations regarding McNeil's activities.

## ANALYSIS

Rule 55(c) of the *Federal Rules of Civil Procedure* states that a "court may set aside an entry of default for good cause."[1] The "good cause" requirement is a lesser standard than what is required

---

[1] Fed. R. Civ. P. 55(c).

to set aside a default judgment.[2]  Moreover, "[d]efault judgments are disfavored by courts."[3]  In determining whether good cause exists, a court may consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[4]  The court is not required to consider each of these factors, nor is it limited only to these factors.[5]

Chevron contends default should not be set aside because McNeil does not contest service, Walker is the manager of both Pointe Perry and McNeil, and Pointe Perry has not been forthcoming with discovery.  Consequently, McNeil is culpable and should not be excused from the entry of default, according to Chevron.  Pointe Perry and McNeil are two separate entities, however, and the court will not impute the actions of one entity against the other entity for purposes of finding culpability.  This is particularly so given the nature of the Complaint.

As stated above, the main allegations in the Complaint are against Pointe Perry and Pointe Perry is the entity that contracted to pay Chevron.  Only conclusory allegations are made regarding McNeil's actions in the matter.  The court questions whether such conclusory allegations would survive a motion to dismiss.  Hence, McNeil's defense that Chevron has failed to state a claim upon

---

[2] *See Polaski v. Colo. Dep't of Transp.*, 198 Fed. Appx. 684, 685 (10th Cir. 2006) (citation omitted).

[3] *Id.* (citation omitted).

[4] *Pinson v. Equifax Credit Info. Servs.*, 316 Fed. Appx. 744, 750 (10th Cir. 2009) (quotations and citation omitted).

[5] *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 U.S. App. LEXIS 24463, at *9 (10th Cir. Aug. 29, 1995) (citation omitted).

which relief may be granted is well-taken. Because McNeil has a meritorious defense, and default judgments are disfavored, the court concludes that setting aside entry of default is appropriate in this matter. Accordingly, the court hereby orders that the entry of default be set aside.

DATED this 5th day of March, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge