# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHEVRON PIPE LINE COMPANY**, a Delaware corporation, <br><br> Plaintiff, <br> v. <br><br> **POINTE PERRY, L.C.**, a Utah limited liability company; and **MCNEIL DEVELOPMENT, L.L.C.**, an Idaho limited liability company, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:08cv981 <br><br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Chevron Pipe Line Company's ("Chevron") motion to compel and for sanctions.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 16.

[2] *See* docket no. 21.

Chevron moves the court to order Pointe Perry, LC ("Pointe Perry") to produce responsive documents in its possession, provide full discovery responses, and make its witnesses available for deposition at a time mutually convenient to the parties. In particular, Chevron asserts that Pointe Perry has failed to timely respond to its discovery requests and that the responses it has received are inadequate. Chevron further requests that the court award sanctions against Pointe Perry for its dilatory discovery practices.

Chevron served its first set of Interrogatories, Requests for Admission, and Requests for the Production of Documents on Pointe Perry on August 6, 2009. Pointe Perry provided its responses to the Requests for Admission on the discovery due date, September, 8, 2009, asserting blanket denials to each request without explanation. Pointe Perry did not respond to the other discovery requests by their due date.

However, on October 5, 2009, Chevron received Pointe Perry's interrogatory responses, amended admissions, and responses to the document production requests. Chevron contends that Pointe Perry's interrogatory responses and responses to Chevron's document production requests are inadequate. Specifically, Chevron notes that in response to Interrogatory No. 12, which requested the identity of Pointe Perry's officers, directors, members, and current owners, Pointe Perry stated that it "is not aware of all of the officers, directors, members[,] or current owners of it. However, Roland Walker is known to be a Manager of Pointe Perry, L.C. Pointe Perry will provide that information when it is located."[3] Chevron argues that, to date, Pointe Perry has not

---

[3] Docket no. 23, Exhibit 3.

supplemented its response as required by Federal Rule of Civil Procedure 26(e).  *See* Fed. R. Civ. P. 26(e).

Chevron further notes that in response to each of Chevron's six document requests, Pointe Perry stated, in relevant part, that it "believes that it has already provided most of these documents, however, to the extent there are any additional documents, any such documents will be made available."[4]  Similarly, Chevron states that in response to its Interrogatories 5, 6, and 7, which requested the identification of documents related to the affirmative defenses raised by Pointe Perry in its Answer, Pointe Perry responded: "As such documents are identified by [Pointe Perry], they will be further identified."[5]  However, notwithstanding Pointe Perry's response, Chevron contends that no documents have subsequently been identified or produced.

In response, Pointe Perry asserts that it has complied with Chevron's discovery requests and that the emails between counsel demonstrate that the parties have communicated to coordinate discovery schedules to accommodate both parties.  Pointe Perry further contends that it has had difficulty providing all of the requested discovery because the manager of Pointe Perry, Mr. Walker, "is a potato farmer and will be working 16 to 18 hour days from now until the end of October to keep up with the harvest."[6]  Pointe Perry asserts that because the potato harvest is now over, it is "working to supplement [its] responses to the interrogatories."[7]

---

[4] Docket no. 23, Exhibit 3.

[5] Docket no. 23, Exhibit 3.

[6] Docket no. 23, Exhibit 4.

[7] Docket no. 30.

In its reply, Chevron contends that Pointe Perry has not produced a single responsive document, supplemented its interrogatory responses, or provided Chevron with deposition dates as requested. Chevron further seeks its attorney fees under rule 37 of the Federal Rules of Civil Procedure for Point Perry's failure to comply with its discovery obligations.

The court concludes that Pointe Perry's arguments for failing to comply with its ongoing discovery obligations are completely without merit. In fact, the court finds Pointe Perry's excuses for failing to respond in full to Chevron's discovery requests to be unacceptable. Pointe Perry has an obligation to fully respond to Chevron's requests for discovery or, at a minimum, to properly seek extensions of time in which to respond to those requests. Pointe Perry has failed to do so. Therefore, Chevron's motion is **GRANTED** and Pointe Perry is ordered to fully respond to Chevron's discovery requests.

Based on the foregoing, within twenty (20) days of the date of this order, Pointe Perry is ordered to supplement its responses to Interrogatories 5, 6, 7, and 12, and to provide documents responsive to Chevron's Requests for Production of Documents 1 through 6. Also within twenty (20) days of the date of this order, counsel for Pointe Perry shall contact counsel for Chevron to schedule the requested depositions. While the court declines to award attorney fees and costs in

this particular instance, the court is willing to do so in the future if Pointe Perry does not make every good faith effort to comply with the discovery rules and orders of this court.

**IT IS SO ORDERED.**

DATED this 9th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge