IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHEVRON PIPE LINE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POINTE PERRY, LC et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:08-cv-981 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff Chevron Pipe Line Company ("Chevron") moves for an award of its attorneys' fees, litigation costs, and prejudgment interest against Defendant Pointe Perry, L.C. ("Pointe Perry"). The parties agree that Chevron is entitled to an award of attorney fees and litigation costs in this matter. Pointe Perry disputes the reasonableness of the fees requested and the request for prejudgment interest. For the reasons discussed below, the court grants the attorney fees, litigation costs, and prejudgment interest requested by Chevron.

## FACTUAL BACKGROUND

On September 17, 2007, the parties entered a Reimbursement and Settlement Agreement (the "Agreement") whereby Plaintiff Chevron Pipe Line Company ("Chevron") agreed to lower a segment of its pipeline facilities crossing Defendant Pointe Perry, L.C.'s ("Pointe Perry") real property in exchange for reimbursement of its costs. *See* Aff. of Rebecca A. Ryan, Ex. A (Dkt. No. 58). The Agreement included a clause which stated: "In any action concerning this Agreement, the

non-prevailing party shall pay all costs in connection herewith, including reasonable attorney fees." Aff., Ex. A. at ¶ 21.

On December 22, 2008, Chevron filed suit against Pointe Perry alleging, among other things, breach of contract relating to Pointe Perry's performance under the Agreement. After two years of litigation and entertaining several motions, this court granted Chevron's Motion for Partial Summary Judgment against Pointe Perry on December 9, 2010. Judgment was entered in favor of Chevron in the amount of $140,349.06, together with interest and attorney fees and costs to be determined by affidavit.

In support of its motion for attorney fees, Chevron has submitted by affidavit an accounting of the fees charged by its attorneys and the costs associated with the litigation. Chevron's counsel attests that 259 hours were spent on the matter for a total fee of $53, 887.32 and that litigation costs were incurred in the amount of $421.64. *See* Aff. 2-3. Chevron's counsel further attests that she has reviewed the billing records of her firm and that the total amount of time spent on the matter was reasonable and "necessary to adequately and successfully represent Chevron." Aff. 3. Pointe Perry disputes the reasonableness of the time spent on this matter by Chevron's counsel, claiming that attorneys' with experience comparable to that of Chevron's should have been able to complete the representation in far less time.

Chevron has also requested that it be awarded prejudgment interest at the statutory rate from May 27, 2008 to December 27, 2010, in the amount of $36,256.84. Pointe Perry objects to such an award, claiming that the Order of the court only entitles Chevron to postjudgment interest from the time the judgment was entered.

## <u>ANALYSIS</u>

## I. ATTORNEY FEES AND LITIGATION COSTS

In diversity cases, attorney fees are determined by state law and are substantive for diversity purposes. *In re King Res. Co.*, 651 F.2d 1349, 1353 (10th Cir. 1981). In general, Utah courts enforce contractual choice of law provisions. *See Jacobsen Constr. Co. v. Teton Builders*, 2005 UT 4, ¶ 12 n.2, 106 P.3d 719 (citing Restatement (Second) of Conflict of Laws § 187 (Supp. 1988)). In the present case, the parties have chosen California law to govern the "validity, interpretation and performance" of their agreement. Aff. of Rebecca A. Ryan, Ex. A at ¶ 15 (Dkt. No. 58). As neither party has objected to the enforcement of this provision, this court will look to California law to determine the meaning of the Agreement at issue in this matter.

CAL. CIVIL CODE § 1717(a) provides for enforcement of contract provisions for attorney fees as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

CAL. CIVIL CODE § 1717 (Deering 2011). Subsection (b) of the same statute defines a prevailing party for purposes of the section as "the party who recovered a greater relief in the action on the contract." *Id*. § 1717(b).

The Agreement at issue in the present case includes a provision for attorney fees which states: "In any action concerning this Agreement, the non-prevailing party shall pay all costs in connection

herewith, including reasonable attorney fees." Aff., Ex. A at ¶ 21. This provision falls within the

scope of section 1717. As Chevron was the sole party to recover on the contract in this action, they

are the clear prevailing party and are entitled to reasonable attorney fees and costs pursuant to the

Agreement of the parties and California law. *See Hsu v. Abbara*, 891 P.2d 804, 813 (Cal. 1995)

("when one party obtains a 'simple, unqualified win' on the single contract claim presented by the

action, the trial court may not invoke equitable considerations unrelated to litigation success").

Section 1717(a) places the responsibility for fixing reasonable attorney's fees on the court.

Under California law, trial courts have "broad authority to determine the amount of a reasonable

fee." *PLCM Group, Inc. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000). *See also Serrano v. Priest*, 569

P.2d 1303, 1317 (Cal. 1977) ("The experienced trial judge is the best judge of the value of

professional services rendered in his court, and while his judgment is of course subject to review,

it will not be disturbed unless the appellate court is convinced that it is clearly wrong.") (quotations

omitted). In California, the fee setting inquiry typically begins by determining the "lodestar"

amount, or the "number of hours reasonably expended multiplied by the reasonable hourly rate."

*PLCM Group*, 997 P.2d at 518. That amount may then be adjusted based on case specific facts to

fix the fee at the fair market value of the services rendered. *Id.* at 518. The lodestar approach

ensures that fee awards are rooted in an objective determination of the value of the legal services

rendered and are not arbitrary. *Id.* at 518.

In this action, Chevron was represented by multiple attorneys that bill at rates ranging from

$345 an hour to $225 an hour. *See* Aff. 3. Pointe Perry has not contested the reasonableness of these

rates, and this court finds that the rates charged by Plaintiff's counsel are reasonable and consistent

with rates customarily charged in the locality for similar services.

Pointe Perry does contest the reasonableness of the hours Chevron purports to have spent on the case. Def.'s Mem. In Opp'n, 3 (Dkt. No. 59). In evaluating the reasonableness of the time spent on this matter, we begin by looking to the time records submitted by Chevron's counsel. *See Horsford v. Bd. of Tr. of Cal. State Univ.*, 33 Cal. Rptr. 3d 644, 674 (Cal. Ct. App. 2005) ("We conclude the trial court abused its discretion in failing to use counsels' time records as the starting point for its lodestar determination."). "[V]erified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." *Id.* at 673. As Pointe Perry does not offer any evidence that the verified time records submitted by Chevron's counsel are erroneous, this court will accept them as accurate statements of the time Chevron's counsel spent in relation to this matter.

Pointe Perry argues that time spent by Chevron's counsel on this case was unreasonably excessive. This court disagrees. While Pointe Perry's counsel may have spent fewer hours on any particular aspect of the case, Chevron is entitled to hire its own counsel and make its own assessment of the time that is reasonably necessary for success. Chevron's success in this case supports the propriety of their litigation strategy. *See Flying J Inc. v. Comdata Network, Inc.*, No. 1:96CV066 BSJ, 2007 U.S. Dist. LEXIS 84554, at *6 (D. Utah Nov. 15, 2007) ("The fact that it cost more to win the day than it did to lose does not indicate that 'more' was either unreasonable or excessive.").

After a detailed review of the plaintiff's verified billing records, and considering the objections of the defendant, this court finds the hours spent by Chevron's counsel on this case to be within the range of reasonable hours for a case of this duration and complexity. Therefore, the court

finds the fees requested by plaintiff to be consistent with the lodestar approach endorsed by California law and sees no reason to adjust that award up or down. Chevron is entitled to attorney's fees in the amount of $53,887.32 pursuant to the Agreement of the parties and California statute.

Chevron is also entitled to litigation costs under the parties' Agreement. Defendant does not contest the reasonableness of the litigation costs claimed by Chevron. After reviewing in detail the requested costs delineated by Chevron, this court finds them to be accurate and reasonable. Chevron's request for $421.64 in litigation costs will also be granted.

## II. PREJUDGMENT INTEREST

Both Utah and California[1] statute allow for prejudgment interest on a damages award when damages are certain and a claim for breach of contract has accrued. CAL. CIVIL CODE § 3287 (Deering 2011); *Encon Utah LLC v. Fluor Ames Kraemer, LLC*, 2009 UT 7, ¶ 51, 210 P.3d 263. *See also* CAL. CIVIL CODE § 3302 (Deering 2011). Where a contract does not specify a legal rate of interest, an interest rate of 10% per annum will be applied following a breach. CAL. CIVIL CODE § 3289(b) (Deering 2011); UTAH CODE ANN. § 15-1-1(2) (2011).

Damages are certain when the only dispute between the parties is over liability. *See*

---

[1] In diversity cases, federal courts apply the choice of law rules of the state in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 US 487, 496 (1941); *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). Choice of law determinations are made on an issue-by-issue basis, and not a case-by-case basis. *Contract Lodging Corp. v. Union Pac. R.R.*, No. 90-2264-V, 1991 U.S. Dist. LEXIS 18663, at *8 (D. Kan. Dec. 19, 1991). Utah choice of law rules determine which state's law should apply to the issue of prejudgment interest in this case. However, as the law with regard to prejudgment interest in Utah parallels that of California, this court does not have to engage in a choice of law analysis. Regardless of which state's law is applied, the outcome will be the same.

*Sukut-Coulson, Inc. v. Allied Canon Co.*, 149 Cal. Rptr. 711, 716 (Cal. Ct. App. 1978) ("Where there is no dispute over the basis for computation of damages, the fact that one party denies liability does not make the damages unascertainable within the meaning of Civil Code section 3287."). There was no dispute over the computation of damages in this case, only over liability. Chevron's damages award was based on an amount specified by contract and Pointe Perry never disputed the accuracy of the invoice Chevron submitted as evidence of the amount due. The court entered judgment in favor of Chevron on the full amount of the delinquent invoice, which Chevron submitted to Pointe Perry on May 27, 2008. Because Chevron's damages award was fixed as of the date the payment on their invoice was due but went unpaid, it is entitled to prejudgment interest at the statutory rate of 10 percent per annum from that date.

The Agreement of the parties required Pointe Perry to reimburse Chevron for its costs "within ninety (90) days of receipt of the documentation" of the actual costs Chevron expended on the project. Aff., Ex. A at ¶ 4(c) (Dkt. No. 58). As stated above, Chevron delivered the invoice to Pointe Perry on May 27, 2008. Pls.' Mem. Supp. Mot., 7 (Dkt. No. 57). Chevron's right to recover under the contract did not vest until the ninety day payment window expired. Therefore, prejudgment interest will be calculated from August 25, 2008 to December 9, 2010. Chevron is granted prejudgment interest in the amount of $32,453.32.

## CONCLUSION

The Court hereby GRANTS Chevron's motion for attorney fees, costs, and prejudgment interest, and orders Pointe Perry to pay Chevron attorney fees in the amount of $53,887.32, litigation costs in the amount of $421.64, and prejudgment interest in the amount of $32,453.32.

DATED this 29th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge